# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,**

    **Plaintiff,**

v.                                                                               **Case No:   6:17-cv-855-Orl-37KRS**

**GENERAL PROJECTION SYSTEMS, INC., CHERYL WAYSON, DRAKE WAYSON, GENERAL PROJECTION SYSTEMS, INC. 401(K) PLAN and GENERAL PROJECTION SYSTEMS, INC GROUP HEALTH PLAN,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This matter comes before the Court following a review of the file. This action was instituted on May 12, 2017. Doc. No. 1. Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time frame." Drake Wayson is a named Defendant. After a series of motions, the deadline to serve Mr. Wayson was extended up to and including January 9, 2018. Doc. No. 34. Plaintiff filed a proof of service with a summons that was issued to the "Estate of Drake Wayson," Doc. No. 39, but the Estate of Drake Wayson has never been substituted as a party to this action. Thus, it appears that there is no proof that Drake Wayson has ever been served.[1]

---

[1] Defendant Cheryl Wayson filed an answer with a copy of the summons issued to the Estate of Drake Wayson attached (Doc. Nos. 42, 42-1). I struck that answer because it was apparent that

Moreover, Rule 25(a)(1) provides, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's success or representative.   If the motion is not made with 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Here, Plaintiff informed the Court on November 9, 2017, that he had confirmed that Drake Wayson passed away on September 9, 2017.   Doc. No. 26.   More than 90 days have passed since the filing of that document (which was served on Defendant Cheryl Wayson and mailed to Ms. Wayson as the representative of the remaining defendants, *see* Doc. No. 26, at 6-7), but no motion to substitute parties has been filed.

Accordingly, on March 12, 2018, I ordered Plaintiff to show cause in writing why the claims against Drake Wayson should not be dismissed for failure to timely effect service under Rule 4(m) and for failure to timely move for a substitution of parties under Rule 25.  Doc. No. 45.  In response, Plaintiff stated that he did not object to the dismissal of all claims against Drake Wayson. Doc. No. 47.  Accordingly, I **RESPECTFULLY RECOMMEND** that the claims against Drake Wayson be dismissed without prejudice for failure to timely effect service under Rule 4(m) and for failure to timely move for a substitution of parties under Rule 25.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written

---

Ms. Wayson was answering on her own behalf, not on behalf of Mr. Wayson or his estate.  Doc. No. 46.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 22, 2018.

        *Karla R. Spaulding*
        KARLA R. SPAULDING
        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy