UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECRETARY OF LABOR, UNITED
STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.                                              Case No. 6:17-cv-855-Orl-37KRS

GENERAL PROJECTION SYSTEMS,
INC.; GENERAL PROJECTION
SYSTEMS, INC. 401(k) PLAN; and
GENERAL PROJECTION SYSTEMS,
INC GROUP HEALTH PLAN,

    Defendants.

## **ORDER**

Plaintiff Secretary of Labor for the U.S. Department of Labor ("**Secretary**") filed this action against Defendants for violations of the Employee Retirement Income Security Act ("**ERISA**") regarding the administration of the General Projection Systems, Inc. 401(k) Plan and Health Plan. (*See* Doc. 1 ("**Complaint**").) Based on the violations, the Secretary seeks: (1) restoration to the 401(k) Plan of all losses incurred as a result of breaches of fiduciary obligations; (2) restoration to the Health Plan participants of all withheld contributions and reimbursement for their unpaid medical bills that occurred as a result of breaches of fiduciary duties; (3) appointment of a successor fiduciary or administrator at Defendants' expense; (4) entry of a permanent injunction to prevent Defendants from serving as a fiduciary, administrator, officer, trustee, custodian, agent, employee, or representative, or from having control over the assets of any employee

-1-

benefit plan subject to ERISA; (5) entry of an injunction to prevent Defendants from engaging in any further action in violation of Title I of ERISA; and (6) an award for costs of this action. (*See id.* at 10.)

All Defendants failed to properly appear,[1] so the Secretary successfully obtained entries of default against them. (Docs. 63–65.) Now, the Secretary requests default judgment against Defendants.[2] (*See* Doc. 71 ("**Motion**").) On referral, U.S. Magistrate Judge Karla R. Spaulding recommends that the Court grant the Motion in part and find that Defendant General Projection Systems, Inc. is liable for violations of 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)(B), 1106(a)(1)(D), 1106(b)(1), and 1106(b)(2).[3] (Doc. 72 ("**R&R**");

---

[1] Two individuals, Drake and Cheryl Wayson, were also named as Defendants but have since been dismissed. (Docs. 54, 61.)

[2] In denying the Secretary's original motion for default judgment (Doc. 69), Magistrate Judge Spaulding directed the Secretary to limit the motion "to addressing whether the complaint establishes liability for each of the claims asserted." (Doc. 70, p. 3.) The Motion is, therefore, limited to the issue of liability as directed.

[3] The Complaint and Motion also allege that Defendant General Projection Systems, Inc. violated 29 U.S.C. § 1103(c)(1). (Doc. 1, ¶¶ 45, 46.) However, as Magistrate Judge Spaulding correctly pointed out, the Secretary's memorandum in support of the Motion failed to explicitly address § 1103(c)(1). (*See* Doc. 71-1; *see also* Doc. 72, p. 7 n.2.) As a result, Magistrate Judge Spaulding reasoned:

> The Secretary has not addressed whether § 1103(c)(1) can be a basis for liability under the facts of this case and, thus, I assume that he has abandoned any claim for liability under § 1103(c)(1). To the extent that the Secretary has not abandoned any claim for liability under § 1103(c)(1), I recommend that the Court find that the Secretary has not shown that a default judgment is appropriate because he has failed to set forth the elements of a claim under § 1103(c)(1) and show how the well-pleaded allegations of the complaint establish each of those elements, as required by my Order denying the Secretary's first motion for default judgment (Doc. No. 70).

(Doc. 72, p. 7 n.2.)

*see also id.* at 13.) Magistrate Judge Spaulding further recommends that the Court require the Secretary to file a motion directed to the issue of remedies within a time permitted by the Court and to serve that motion on Defendants so that they may respond if they choose to appear by counsel and do so. (*Id.* at 13.)

The parties did not object to the R&R, and the time for doing so has now passed. As such, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no such error, the Court finds that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 72) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Plaintiff Secretary of Labor's Renewed Motion for Default Judgment (Doc. 71) is **GRANTED IN PART AND DENIED IN PART.**

   a. The Court **GRANTS** the Motion to the extent that it finds that Defendant General Projection Systems, Inc. is liable for violations of 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)(B), 1106(a)(1)(D), 1106(b)(1), and 1106(b)(2).

   b. In all other respects, the Motion is **DENIED.**

3. Plaintiff is **DIRECTED** to file a motion regarding the issue of remedies on or before Monday, **December 31, 2018** and to serve that motion on Defendants so that they may respond if they choose to appear by counsel

and do so.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 10, 2018.



Copies to:
Counsel of Record